IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KARRIE SMITH | : | CIVIL ACTION |
| | : | |
| v. | : | No. 13-3514 |
| | : | |
| MICHAEL WENEROWICZ, et al. | : | |

## **ORDER**

AND NOW, this 5th day of June, 2014, upon careful and independent consideration of Petitioner Karrie Smith's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and after review of the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa and Smith's objections thereto, it is ORDERED:

1. Smith's Objections to the Report and Recommendation (Document 9) are OVERRULED[1];

---

[1] Smith pleaded guilty to second-degree murder, robbery, and conspiracy in the Court of Common Pleas of Philadelphia County on January 16, 1990. He was sentenced to life in prison. On May 14, 2008, he filed his first Post Conviction Relief Act (PCRA) petition, which the PCRA Court dismissed as untimely. The Pennsylvania Superior Court affirmed the PCRA Court's denial on November 23, 2010.

On October 11, 2011, Smith filed a "habeas corpus petition" in state court. On April 23, 2012, Smith filed a second PCRA petition. On August 17, 2012, Smith filed an amended PCRA petition alleging his sentence was unconstitutional under *Miller v. Alabama*, in which the Supreme Court found sentencing schemes mandating life without parole for those under the age of eighteen at the time of the offense violate the Eighth Amendment. 132 S. Ct. 2455, 2475 (2012). On April 7, 2014, Smith filed another amended PCRA petition. All of these petitions are still pending in state court. Smith filed the instant federal habeas petition in this Court on June 19, 2013, alleging *Miller* should apply equally to individuals between the ages of seventeen and twenty-five at the time of their crimes, and his life sentence is therefore unconstitutional,

In his objections to the Report and Recommendation, Smith raises no issues that would cause this Court to disturb Judge Caracappa's finding that the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) bars consideration of Smith's habeas petition. Smith's petition is untimely because Smith was required to file his petition by April 23, 1997 (given the Antiterrorism and Effective Death Penalty Act grace period), but he did not file his petition until June 19, 2013. In addition, *Miller* does not provide a basis to delay the running of the statute of

2. The Report and Recommendation (Document 8) is APPROVED and ADOPTED;

3. Smith's petition for writ of habeas corpus (Document 1) is DENIED;

4. Smith's request for the Court to appoint counsel is DENIED as moot;

5. There has been no substantial showing of the denial of a constitutional right warranting the issuance of a certificate of appealability; and

6. The Clerk of Court is DIRECTED to mark this case CLOSED.

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

limitations because Smith was not under the age of eighteen at the time of his crimes. Judge Caracappa also found that no basis for tolling applies to Smith's case.

In objecting to the Report and Recommendation, Smith reasserts his claim that the rule set forth in *Miller* should apply equally to individuals between the ages of seventeen and twenty-five. The Court agrees with Judge Caracappa's finding that Smith's argument is unavailing because the Supreme Court has not recognized such a rule.

Smith also asserts equitable tolling should apply to his case based on a claim of actual innocence. Smith argues he has demonstrated it is "more likely than not, in light of the newly recognized and/or recent developments in scientific brain evidence since the time of [his] trial, no reasonable juror would have found him guilty of second degree murder beyond a reasonable doubt." Pet'r's Objections at 2. Smith also advanced this same claim in a traverse he filed with the Court on November 8, 2013, and Judge Caracappa fully addressed this argument in her Report and Recommendation. The Court agrees with Judge Caracappa's finding that Smith has not presented any evidence of actual innocence, but is simply arguing the constitutionally of his sentence in light of *Miller*.

Lastly, Smith requests that this Court hold his case in abeyance pending the outcome of his state court litigation. However, his habeas petition is untimely under the one-year statute of limitations regardless of the result in state court because *Miller* does not apply to his case. Accordingly, his objections to the Report and Recommendation are overruled.